IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derek J. Brown, ) | C/A No. 0:12-2988-TMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Derek J. Brown ("Brown"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Brown was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 16.) Brown responded in opposition. (ECF No. 20.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Brown's Petition denied.

## BACKGROUND

Brown was indicted in September 2001 in Laurens County for murder and possession of a weapon during the commission of a violent crime (01-GS-30-720). (App. at 137-38, ECF No. 14-17 at 150-51.) Brown was represented by Geddes D. Anderson, Esquire, and on October 29, 2003 his trial concluded and a jury found him guilty as charged.[1]  (ECF No. 14-33 at 37.) The circuit court

---

[1] Brown was jointly tried with two other co-defendants; co-defendant Ricky Latimore was granted a motion for a directed verdict, and co-defendant Corey Shelton was found guilty as charged.



sentenced Brown to life imprisonment for murder and five years' imprisonment for possession of a weapon during the commission of a violent crime. (ECF No. 14-33 at 88.)

Brown timely appealed and was represented by Joseph L. Savitz, Esquire, of the South Carolina Office of Appellate Defense, who filed a final brief on Brown's behalf that raised the following issue:

> The judge erred by refusing to direct a verdict acquitting Derek Brown of the crimes charged, where the state failed to introduce any evidence that he committed, or aided and abetted the commission of, the murder of Philip Johnson.

(ECF No. 14-2 at 4.) On December 7, 2006, the South Carolina Court of Appeals issued an order affirming the decision of the lower court. (State v. Brown, Op. No. 06-UP-400 (S.C. Ct. App. Dec.7, 2006); ECF No. 14-4.) Brown filed a *pro se* petition for rehearing that was denied on January 18, 2007. (ECF Nos. 14-5 & 14-6.) The remittitur was issued February 22, 2007. (ECF No. 14-7.)

Brown filed a *pro se* application for post-conviction relief ("PCR") on February 7, 2007 in which he raised the following issues:

> Ineffective Assistance of trial Counsel[;]
>
> Prosecutorial Misconduct[;]
>
> Subject Matter Jurisdiction[;]
>
> Jury Tampering[;]
>
> Denial of due process of law.

(Brown v. State of South Carolina, 07-CP-30-82; App. at 17-91, ECF No. 14-17 at 19-93.) The State filed a return. (App. at 95-102, ECF No. 14-17 at 97-104.) Brown, through counsel, filed an amendment to his PCR application on April 30, 2009 to add the following issues:

> I.     Evidence of third party guilt was improperly excluded.



    II.      The prosecutor improperly commented on Derek Brown's failure to take the stand.

    III.     The real question in the motion for a directed verdict and on appeal was whether the State had produced evidence which was more than a suspicion that someone with whom Derek Brown associated committed the murder. Appellate counsel and trial counsel were inadequate in failing to frame the issue in this way.

    IV.     The charge of the trial judge impermissibly lessened the burden on the State.

(App. at 103-06, ECF No. 14-17 at 105-08.) On May 1, 2009, the PCR court held an evidentiary hearing at which Brown appeared and testified and was represented by William T. Toal, Esquire. (App. at 123-34, ECF No. 14-17 at 125-47.) By order issued November 24, 2009, the PCR judge denied and dismissed with prejudice Brown's PCR application. (App. at 173-82, ECF No. 14-18 at 34-43.)

Brown appealed. In his PCR appeal, Brown continued to be represented by William T. Toal, Esquire, who filed a petition for a writ of certiorari on Brown's behalf that presented the following issues:

    1.      Was Derek Brown's trial counsel ineffective?

    2.      Was Derek Brown's appellate counsel ineffective?

    3.      Did the errors of counsel or the court deny Derek Brown due process of law?

    4.      Did the trial court give a timely and effective curative instruction after an improper argument which penalized defendant's right to not testify?

    5.      Was there sufficient evidence of third party guilt[] to go to the jury?

    6.      Were the motions for a direct verdict and the question on appeal improperly framed?

(ECF No. 14-8 at 4.) Within his petition, Brown elaborated on his issues as follows:

    I.      Ineffective assistance of trial and appellate counsel denied Derek Brown due process of law and entitle him to a retrial.



      A.      Appellate counsel was inadequate for failing to raise the issue of third party guilt on appeal. The disallowance of the evidence denied Derek Brown due process of law.

      B.      Appellate counsel was ineffective for failing to raise the denial of a mistrial when the prosecutor twice improperly commented on Derek Brown's silence.

      C.      Trial counsel and appellate counsel were ineffective in framing the issue at the directed verdict stage and on appeal. The critical issue was whether the State's evidence created more than a suspicion that someone with whom Derek Brown was associated committed the murder.

      D.      Trial counsel and appellate counsel were ineffective in failing to object to the charge on reasonable doubt.

(ECF No. 14-8 at 8-12.) The State filed a return (ECF No. 14-9) and Brown replied (ECF No. 14-10). On August 19, 2011, the South Carolina Supreme Court granted Brown's petition for a writ of certiorari as to issues IA and IB and denied certiorari as to the remaining issues. (ECF No. 14-11.)

Counsel for Brown filed a petitioner's brief on September 19, 2011, and rather than only addressing the issues for which the Supreme Court granted certiorari review, counsel included discussions of all of the issues submitted in his petition for a writ of certiorari. (ECF No. 14-12.) The State filed a respondent's brief (ECF No. 14-13), to which Brown replied (ECF No. 14-14). On May 9, 2012, the South Carolina Supreme Court issued an opinion dismissing the petition for a writ of certiorari as improvidently granted. (Brown v. State, Op. No. 202-MO-014 (S.C. May 9, 2012), ECF No. 14-15.) The remittitur was issued May 30, 2012. (ECF No. 14-16.) This action followed.

## FEDERAL HABEAS ISSUES

In Brown's federal petition for a writ of habeas corpus, he raises claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel on his direct appeal, and prosecutorial misconduct.



## DISCUSSION

A.    **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56©), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the



court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.



See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which



have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Procedural Bar**

The respondent argues, and Brown does not appear to disagree, that Brown procedurally defaulted on all of his allegations of ineffective assistance of trial counsel, his allegation that appellate counsel was ineffective in failing to argue that a statement read by law enforcement violated Bruton v. United States, 391 U.S. 123 (1968), and all of his allegations of prosecutorial misconduct. However, Brown argues that his procedural default should be excused pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012).

Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has recently stated that


> [w]e . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013)[2] (citing Martinez, 132 S. Ct. at 1318-19, 1320-21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

As stated above, Martinez is a *limited exception*, and as other courts have observed, its holding only applies to procedural default of a claim of *ineffective assistance of trial counsel*. See, e.g., Hodges v. Colson, 711 F.3d 589, 603 (6th Cir. 2013) ("Under Martinez's unambiguous holding our previous understanding of Coleman in this regard is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel."); Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012) (observing that "Martinez applies only to 'a prisoner's procedural default of a claim of ineffective assistance at trial,' not to claims of deficient performance by appellate counsel."). Accordingly, it cannot provide cause for Brown's procedural default of his claim of ineffective assistance of *appellate* counsel in failing to argue that a statement read by law enforcement violated Bruton v. United States, 391 U.S. 123 (1968), or any of his claims of prosecutorial misconduct. Therefore,

---

[2] In light of the United States Supreme Court's recent decision in Trevino, the court concludes that the third and fourth elements discussed above are met in South Carolina.



these claims are procedurally barred, as Brown has failed to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

With regard to Brown's claims of ineffective assistance of trial counsel, to excuse the procedural default of these claims, Brown must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation, *i.e.* that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) he was prejudiced as a result).

In arguing the application of Martinez, Brown posits that despite his specific written request to PCR counsel to amend Brown's PCR application to include these additional grounds, his PCR counsel failed to do so. Brown further argues that because of South Carolina's prohibition of dual representation, he could amend his PCR petition only through PCR counsel. Therefore, Brown asserts that PCR counsel was ineffective in failing to present his claims of ineffective assistance of trial counsel, and his procedural default of these claims should be excused. Specifically, Brown appears to allege that PCR counsel was ineffective in failing to raise his claims of ineffective assistance of trial counsel, which appear to include allegations that trial counsel was ineffective in failing to object to an erroneous reasonable doubt charge where the trial court charged "that



reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt"; in failing to file a motion under Rule 28 or 29 of the South Carolina Rules of Criminal Procedure after receipt of a statement from a juror; and in failing to object to a jury charge stating that "malice could be implied by the use of a deadly weapon," in violation of State v. Belcher, 612 S.E.2d 802 (S.C. 2009). Brown also appears to argue that trial counsel was ineffective because the evidence against Brown was not overwhelming, the fatal bullet was not fired from Brown's gun, and the ballistic expert testified that the fatal bullet could have been fired from a car in which Brown was a passenger.

Applying Martinez to the record and Brown's arguments, the court concludes Brown cannot satisfy Martinez's limited exception. The court finds that Brown cannot demonstrate that these are substantial claims of ineffective assistance of trial counsel; that PCR counsel was objectively unreasonable in failing to raise them; and that, but for PCR counsel's errors, there is a reasonable probability that Brown would have received relief on his claims of ineffective assistance of trial counsel. See, e.g., Waddington v. Sarausad, 555 U.S. 179, 191 (2009) (stating that the defendant must demonstrate "that there was a 'reasonable likelihood' that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt"; there must be more than "some 'slight possibility' that the jury misapplied the instruction"; and the relevant question is " 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process' ") (quoting Estelle v. McGuire, 502 U.S. 62, 72 (1991)); Middleton v. McNeil, 541 U.S. 433, 437 (2004) (" 'A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' ") (quoting Boyde v. California, 494 U.S. 370, 378 (1990)); Rule 606(b), SCRE (providing the parameters on juror testimony concerning the validity of verdict); State v. Belcher, 685 S.E.2d 802, 809, 810 (S.C. 2009) (holding that "the 'use of a deadly weapon' implied malice instruction has no place in a



murder . . . prosecution where evidence is presented that would reduce, mitigate, excuse or justify the killing" and stating that "[b]ecause our decision represents a clear break from our modern precedent, today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved" and "will not apply to convictions challenged on post-conviction relief").

Because Brown cannot demonstrate that his ineffective assistance of trial counsel claims were substantial and that PCR counsel was ineffective under Strickland in failing to raise these claims, he cannot establish cause under Martinez excusing the procedural default of these claims. Accordingly, the only claims that are properly before the court are Brown's allegations that appellate counsel was ineffective in failing to raise two specific issues on appeal.

### 2.  Ineffective Assistance of Appellate Counsel

Remaining before the court are Brown's claims that appear to allege that appellate counsel was ineffective in his direct appeal in raising only one issue on appeal when there were other issues to which trial counsel objected. Specifically, Brown claims that appellate counsel should have argued (1) third party guilt, in that the trial court, in violation of Holmes v. South Carolina, 347 U.S. 319 (2006), improperly denied the testimony of witnesses that would have revealed that while one of the witnesses was being held at gunpoint an assailant stated "I'm the one who killed those [epithet] in Gray Court;" and (2) improper comment on silence, in that the prosecutor twice commented on Brown's silence and failure to testify.

**Ineffective Assistance of Appellate Counsel Generally.**  A defendant has a constitutional right to the effective assistance of appellate counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he



was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial."  United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)).  The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  Id. (citations omitted).  Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions



were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied as improvidently granted by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

**PCR Proceedings on Third Party Guilt.** The PCR court rejected Brown's allegation that appellate counsel was ineffective in failing to present the issue of third party guilt on appeal. The PCR court observed that

> [t]he proffered evidence of third party guilt was in the form of testimony from William Stokes and his son, William Edward Stokes. In essence, the proffered evidence was that about three weeks before the trial began the Stokes were accosted by a Maurice Bates and a Tony Tribble Bates (a/k/a Maurice Evans or "Bait") later chased the younger Stokes, shot at him, and held a pistol to his head while proclaiming "I'm the one that's been killing all the [epithet] in Gray Court." Tr. p. 1040-1074.
> In deciding the admissibility of the third party guilt evidence, Judge Johnson did not employ the calculus found unconstitutional in Holmes v. South Carolina, 547 U.S. 319 (2006). Relying instead on State v. Al-Amin, 353 S.C. 405, 578 S.E.2d 32 (2003), Judge Johnson held that the proffered third party guilt testimony was merely an attempt by the defense "to indulge in conjectural inference that some other person might have committed the offense." Tr. p. 1070.
> In sum, even if Brown's appellate counsel was deficient in not raising this issue on appeal, Brown cannot demonstrate prejudice. The trial court ruling hewed closely to the rule approved in Miller v. State, 379 S.C. 108, 665 S.E.2d 596 (2008) in finding that the proffered evidence did not raise a reasonable inference as to



> Brown's innocence or include facts inconsistent with Brown's guilt. *[S]ee also* State v. Cope, 2009 WL 3162137 (S.C. Ct. App. Sept 29, 2009); State v. Gregory, 198 S.C. 98, 16 S.E[.]2d 532 (1941). Therefore based on the foregoing, this allegation is also denied.

(App. at A-180, ECF No. 14-18 at 40-41.)

In his federal habeas Petition, Brown appears to continue to rely on Holmes v. South Carolina, 547 U.S. 319 (2006), to argue that the trial court erred and therefore, appellate counsel was ineffective in failing raise this issue. In Holmes, the United States Supreme Court found that the South Carolina Supreme Court's ruling in State v. Gay, 541 S.E.2d 541 (S.C. 2001)—which focused on the strength of the evidence of the defendant's guilt in determining the admissibility of third party guilt—applied the third party guilt evidentiary rule in a manner that was too restrictive and denied the defendant his right to a fair trial. Holmes, 547 U.S. at 330-31. However, as pointed out by the PCR court, the trial court did not apply the ruling in Gay; rather, the PCR court found that the trial judge's ruling appeared to focus on whether the proffered evidence raised a reasonable inference as to Brown's innocence or include facts inconsistent with Brown's guilt.[3] The Holmes Court specifically observed that rules of this nature are widely accepted and were not challenged in Holmes. Id. at 327. Accordingly, the court concludes that Brown has failed to show that the PCR court unreasonably misapplied clearly established U.S. Supreme Court precedent.

**PCR Proceedings on Comment on Silence.** In rejecting this claim, the PCR court found the following:

> Applicant alleges that trial counsel was ineffective for not properly objecting to the Solicitor's closing argument of "no one has taken the stand and denied it." Trial counsel did properly object to this statement. In response the Court gave an

---

[3] Moreover, as discussed by the respondent, Brown has failed to demonstrate that this evidence meets this standard. (See Respt.'s Mem. Supp. Summ. J. at 35-36, 39-49, ECF No. 14 at 35-36, 39-49.)



>  appropriate curative instruction.  The Solicitor's immediate and improper repeating of this argument resulted in an immediate and effective correction by Judge Johnson. Trial counsel's performance was not objectively deficient nor did appellate counsel render ineffective advocacy by not raising this issue on appeal.  The Solicitor's comments were made in the context of his discussion of ballistics evidence and were apparently an attempt to point out that the defense ballistics expert had not refuted the State's essential theory of the case.  This theory explains perhaps why Judge Johnson concluded the State's improper argument was not blatant burden-shifting or an implicit comment on the Applicant's right to remain silent.
>
>  At any rate, it is unlikely that an appellate court would find that these isolated comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Humphries v. State, 351 S.C. 362, 373, 570 S.E.2d 160, 166 (2002); [s]ee also Brown v. State, 680 S.E.2d 909 (S.C. Sup. Ct. 2009) (Solicitor's exhortation to jury in closing to "stand up" for child abuse victim improper, as it violated "Golden Rule"; yet petitioner not entitled to PCR relief because argument not severely prejudicial.)  Here, although the evidence of his guilt was not overwhelming, Brown failed to meet his burden of proving the argument alone deprived him of a fair trial.  Humphries, 351 S.C. at 373 (Petitioner bears burden proving improper closing argument denied him a fair trial).  Therefore, this allegation is denied.

(App. at A176-77, ECF No. 14-18 at 37-38.)

In Doyle v. Ohio, 426 U.S. 610 (1976), the United States Supreme Court held that a defendant may not be impeached at trial for remaining silent after Miranda warnings were given. Moreover, fundamental fairness dictates that a defendant not be penalized for his post-arrest silence. See Wainwright v. Greenfield, 474 U.S. 284, 284-95 (1986); cf. Salinas v. Texas, 133 S.Ct. 2174 (2013) (holding that when the defendant voluntarily responded to some of law enforcement's questions about a murder but remained silent in response to another question prior to the defendant being placed in custody or read his Miranda rights, the prosecution's use of the defendant's silence as evidence of his guilt at trial did not violate the Fifth Amendment because the defendant failed to expressly invoke his right not to incriminate himself in response to the officer's question). In a claim alleging improper comments by a prosecutor, "[t]he relevant question is whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due



process.' " Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)). However, "it is not enough that the prosecutor['s] remarks were undesirable or even universally condemned." Id. Thus, Brown again has failed to show an unreasonable misapplication of clearly established U.S. Supreme Court precedent by the PCR court.

**Conclusion.** In light of the above, the court finds that Brown cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting his claims or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). In response to the respondent's motion for summary judgment, Brown appears to reiterate his arguments presented to the PCR court. As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785. Specifically, Brown cannot demonstrate that the PCR court erred in rejecting his allegations of ineffective assistance of appellate counsel because for the reasons discussed above and by the PCR court, Brown has failed to demonstrate that the trial court's rulings were erroneous. Thus, he cannot demonstrate the second prong of Strickland—that he was prejudiced by the purportedly deficient conduct. Therefore, Brown has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable.[4] See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785.

---

[4] To the extent that Brown seeks an evidentiary hearing to submit new evidence to support his Petition, the court observes that its review for habeas corpus purposes is generally limited to the evidence that was placed before the state court. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1400 n.7 (2011); see also 28 U.S.C. § 2254(d)(2). Brown has not established that any exception to this general rule applies here. See Cullen, 131 S. Ct. at 1400-01; see also 28 U.S.C. § 2254(e)(2). Therefore, such a request should be denied.



**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 15) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 5, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).